## B. F. CROFOOT'S EX'R v. H. A. DUVALL.

[Abstract Kentucky Law Reporter, Vol. 1—348.]

**Funeral Expenses.**

> Where the father of a married woman upon her death orders a burial outfit, and it is furnished and he is charged for the same, he cannot, by having the bill made out and presented to the husband of the deceased make such husband liable thereon to the undertaker. Such a claim was not the debt of the husband, unless he ordered the outfit or agreed to pay for it, and there can be no recovery against the husband in favor of the estate of the decedent's father where there is not in his petition any allegation that the husband promised to pay such claim.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

October 27, 1880.

OPINION BY JUDGE PRYOR:

There is a controversy between the executor of Frank Crofoot and H. A. Duvall in which the executor is asserting a claim against Duvall for money paid by Crofoot in his lifetime for a coffin in which was deposited the remains of his deceased daughter, the wife of the appellee. The case was twice tried, the jury having returned a verdict in the first trial that was set aside by the court and a new trial granted, and on the last hearing, the law and facts having been submitted to the court, a judgment was rendered for the appellee, Duvall. The executor complains and insists that the court erred in setting aside the verdict on the first trial, and also in rendering judgment on the final trial.

The instructions given on the first trial, if any, do not appear in the record, and we cannot say whether the court erred in granting the new trial by reason of erroneous instructions given, or because the evidence did not authorize the verdict. The appellee maintains that no bill of exceptions is in the record evidencing the facts declared on the first trial, and therefore the error, if any, committed by the court, cannot be considered. Waiving any answer on that question it is evident that the jury must have been misled by some improper ruling of the court, or no such verdict would have been rendered.

In the original petition it is alleged that the appellee was indebted to Smith for the value of the burial case, etc., and the appellant's testator purchased the account of Smith (the undertaker) for a full

and fair consideration, and the same was assigned to him; therefore Smith unites with the executor of Crofoot in asking a judgment for the amount, etc. There was no evidence supporting the verdict. Smith testifies that Duvall was not indebted to him for the amount of the account, and no credit had been given him for the articles furnished, but on the contrary that Crofoot, the father of Mrs. Duvall, had ordered the burial case and directed him to furnish what was necessary for the purpose of the funeral, and that he charged Crofoot with the account, the latter not only having created it but agreed to pay it.

Smith claims that when he presented the account Crofoot directed him to make it out in the name of Duvall and he would pay it. Duvall was insolvent and Crofoot possessed of considerable means. Smith, to get his money, made the account out against Duvall, and Crofoot at his own instance paid it off, and after his death his executor required Smith to assign the account to Crofoot. If this was Duvall's liability it was discharged by Crofoot in the absence of any request by Duvall to pay it, and no implied promise existed on the part of Duvall to repay to his father-in-law the money he had expended. But, as between Crofoot and Duval, it was not the debt of Duvall, but of Crofoot. The latter, knowing the pecuniary condition of his son-in-law, voluntarily assumed the payment of the account, and doubtless had no intention of making his son-in-law refund the money.

But it is said that the appellee promised the testator in his lifetime to pay this account in monthly installments, and therefore he is liable. No such promise is alleged in the original petition, nor was any amended petition filed relying on this promise until after the new trial had been granted on the first hearing. Therefore the court acted properly in granting a new trial for the want of testimony to support the verdict. On the last trial, the amended petition being in, it was proven by a witness (and perhaps the same proof was had on the first trial) that she was told by the testator to keep near himself and Duvall when the two were talking that she might hear what they were talking about, and in obedience to the wishes of the testator she was in the hall listening to what was transpiring between the two, and heard the appellee promise to pay the account in installments. Duvall denies that any such conversation took place, and the

court, disregarding the testimony (as should have been done); introduced to establish this alleged promise, dismissed the petition.

The judgment is *affirmed*.

*Elliott & Atchison, for appellant.*

*Lane & Harrison, for appellee.*